## Solebury Township School District v. Herd

*Bunting & Satterthwaite*, for plaintiff.
*Grim & Grim*, for defendant.

BOYER, J., July 6, 1942.—This matter arises upon the petition of defendant, Emma C. Herd, under the name of Emma C. Enright, she having remarried since the entry of the lien. She prays that the above tax lien be stricken from the record on the ground that the original lien was entered against a property which she did not own and that it was subsequently amended for the purpose of reviving and continuing its lien against another property which she did, and still does, own. The taxing school district's answer contends that, while the original lien described a property which defendant did not own and which was not subject to the tax, the lien was legally amended so as to describe the property which defendant did own. The facts are undisputed, they appearing in the petition and answer and the tax lien records.

The controlling facts may be stated as follows: During the year 1919 defendant became the owner of two separate farms situated in Solebury Township, comprising the plaintiff school district. The first of these, containing 119 acres, will hereinafter be referred to as "Farm A", and the second, containing 178 acres, as "Farm B". Farm A was levied on and sold by the sheriff in 1922 and title to it has been vested in strangers ever since. Defendant still retains the title to farm B. In 1928 a tax of $180.12 was levied against defendant. In June 1930, the tax collector of the school district entered a lien for said tax against farm A, correctly describing it in the lien filed as follows:

"All that certain messuage and tract of land, situate in the Township of Solebury, Bucks County, Pa., bounded and described by lands of William J. McCool, Hugh B. Eastburn, Eastburn K. Reeder, Stacy S. Johnson and William M. Ely. Containing one hundred nineteen acres. Being the same premises which Anderson T. Herd by deed dated August 6, 1919, and recorded in the Recorder's Office of Bucks County in Deed Book 429, p. 308, conveyed unto Emma C. Herd."

On September 7, 1933, or more than five years after the tax was levied and more than three years after the said lien was first filed, the school district filed a "suggestion and averment of nonpayment" and revival of the lien. This paper also contained what purported to be a correction and amendment of the description of the premises liened. The supposed amendment of the description of the premises was as follows:

"It is also suggested that as said tax lien was originally entered as of no. 5, June term, 1930, the property against which it was filed was described as containing one hundred and nineteen acres in the Solebury Township, and it is now suggested that said description was incorrect and that the said Emma C. Herd, at the time of the entry of said tax lien, and at this time, is the owner of one hundred and seventy-eight acres of land

in Solebury Township against which said tax was assessed and for which the lien should have been filed. It is further suggested that the lien be amended to provide for the tax being entered against the said property of one hundred and seventy-eight acres."

The first question arising is whether the so-called amendment of the description of the premises intended to be liened is legally sufficient. It is admitted that the description of farm A is sufficient in all its details to describe that farm. The description includes: (a) Its location; (b) abutting properties; (c) its size; (d) the names of the grantor and grantee in the deed in which described; (e) the date of the deed; and (f) the place of record. The amendment, while undertaking to change the description of the premises so as to apply to and identify farm B, makes no change in the description whatsoever excepting as to the acreage. It changes only one point of identification out of the six. Reading the amendment as a whole it amounts merely to a statement that the description given in the original lien (quoted above) is a correct description of the liened premises in all its details excepting as to acreage. Only one item of the description of farm A would apparently be applicable also to a description of farm B, namely: its location in Solebury Township. Certainly an adequate amendment would seem to require the same facts and details to be set forth as to farm B as were used in the description of farm A, even though a briefer description might have served the purpose in the original lien. This amendment is very misleading inasmuch as it, in effect, avers that the only error in the description is the acreage, and that all the balance of the description in the original lien is correct. This in itself is sufficient to sustain the motion to strike off the lien.

We further agree with petitioner's contention that this amendment was not an effort to correct a description of a specific property, but a deliberate attempt to transfer a lien from one property to an entirely dif-

ferent property. It is not a question of correcting the description of a definite property but it is a change in the identity of the properties intended to be liened. We cannot read into the Act of April 20, 1927, P. L. 320, relied on by respondents, any intent to give to taxing units authority to transfer liens from a clearly, unmistakably described property to another property. To correct an error in a description of a property by amendment under authority of the act of assembly is an entirely different matter from substituting another and unrelated property by amendment. In this case farms A and B were two independent, existing properties. The lien was clearly filed against farm A. The tax collector then discovered that the taxable did not own that property and thereupon attempted, by amendment, to transfer the lien to farm B, thereby substituting an entirely different property. This was a substitution of properties instead of a mere correction of description.

There is another theory upon which this petition should be sustained. The lien filed, having been definitely entered against farm A, which for eight years prior had been owned by a stranger and not by the taxable, was a nullity as such. In other words, it had no existence as a lien on any real estate after three years had elapsed. In 1933 it was attempted to transfer the lien to farm B which was owned by the taxable. By that time five years had elapsed since the assessment of the tax. The tax had lost its lien on all real estate and the period within which it could be filed had passed. It amounted to an attempt to create a new lien five years after the tax had been imposed, which is clearly against the law and void. For these reasons the rule to strike off must be made absolute.

Now, July 6, 1942, the rule is made absolute and the said tax lien purported to be entered against the premises of petitioner, Emma C. Herd, now Emma C. Enright, is stricken off.